IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JONATHAN M. FULCHER, #49574                                    PLAINTIFF

VERSUS                                CIVIL ACTION NO. 2:08-cv-92-KS-MTP

CHRISTOPHER EPPS, et al.                                       DEFENDANTS

MEMORANDUM OPINION

Plaintiff Fulcher, an inmate of the Mississippi Department of Corrections (MDOC),

incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint

pursuant to 42 U.S.C. § 1983.  The named defendants are:  Christopher Epps, Commissioner

of MDOC;  Ronald King, Superintendent;  Hubert Davis, Warden; and Debra Platt,

Lieutenant.

The Plaintiff contends that he is innocent of the prison rule violation report (# 846012)

he received on August 29, 2007, for possession of contraband.  The Plaintiff complains that

an investigation was not conducted and he was not allowed to call his witness at the

disciplinary hearing wherein he was found guilty of the rule violation report.  The

punishment imposed as a result of this guilty finding was re-classification,[1] re-assignment,

loss of canteen privileges, telephone use and visits for thirty days.[2]  The Plaintiff further

---

[1]MDOC has a custodial classification system based on 4 main designations, with "A"
custody affording the most privileges to an inmate and "D" custody providing the least amount of
privileges to an inmate.  *Mississippi Department of Corrections Inmate Handbook* (Rev.1999),
Chapter I, pg. 4-5.

[2]Although Plaintiff was unable to provide an additional copy of the rule violation report,
the Court was able to discern the punishment imposed from the copy submitted.

claims that the complained of rule violation report failed to contain a meaningful explanation of the finding of guilt.  The Plaintiff claims that these actions and errors by the defendants violated his constitutional rights and MDOC policy and procedure.  In Plaintiff's response [12], he further claims that "MDOC utilizes double jeopardy and ex post facto in its point system [of] classification" because a prisoner is essentially punished twice for a rule violation report.  The Plaintiff requests that this Court award him monetary damages.  *Comp.* [1], p.5.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

2

At best, the Plaintiff is asserting that his rights were violated under the Due Process Clause.  To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293,  32 L.Ed. 2d 418 (1995).  The classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life.  *See Hernadez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008)(demonstration of "extraordinary circumstances" required to maintain a due process challenge to a change in custodial classification);  *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(case remanded to determine if lock-down status for thirty years was "atypical" under *Sandin*).  The United States Court of Appeals for the Fifth Circuit applying *Sandin*  has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."  *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995).  Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to

automatically accrue good-time credits);  *see also Davis v. Carlson*, 837 F.2d 1318, 1319 (5th

Cir. 1988)(prisoners do not have a constitutional right to contact visits).  As such, the Court

finds that Plaintiff has failed to state a viable Due Process claim regarding the complained of

rule violation report and resulting reduction in his classification level.

   The Plaintiff also complains that MDOC policy and procedure was violated when he

was found guilty of this rule violation report.  This allegation, without more, simply does not

rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 Fed.Appx. 427, 428 (5th

Cir. 2006)("A violation of prison regulations, without more, does not give rise to a federal

constitutional violation.") citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986).

"[A] prison official's failure to follow the prison's own policies, procedures or regulations

does not constitute a violation of due process, if constitutional minima are nevertheless met."

*Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *accord  Giovanni v. Lynn*, 48 F.3d 908,

912 (5th Cir.1995);  *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

   Likewise, the Plaintiff's claims under the Ex Post Facto and Double Jeopardy Clauses

are not cognizable.  The Fifth Circuit, specifically addressing a Mississippi inmate's claims

regarding the point system of classification, has held that a mere change in custodial status

does not amount to an "increase" in the "measure of punishment" for *ex post facto* purposes

nor does the change in custody qualify as a second "punishment" for double-jeopardy

purposes.  *Welch v. Epps*, 103 Fed.Appx. 828, 829 (5th Cir. 2004)(citations omitted).

   It is clear that the Plaintiff does not have a constitutionally protected right to be placed

in a certain custody level or general population while in prison, nor does the Plaintiff have a

constitutional right to certain privileges while in prison.  The defendants decision to place the Plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

<u>CONCLUSION</u>

In sum, the Plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison. Therefore, since the Plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[3]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 28th day of August, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."